[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10932
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cr-00058-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 6, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jason James appeals his sentence of 51 months of imprisonment following

his plea of guilty to being a felon in possession of a firearm. 18 U.S.C.

§§ 922(g)(1), 924(a)(2).  James argues that his sentence is unreasonable because the district court failed to consider the statutory sentencing factors before it ordered that his federal sentence run consecutively to his undischarged state sentence of five years of probation. We affirm.

James's sentence is procedurally and substantively reasonable. The district court considered the presentence investigation report, the statutory sentencing factors, and James's argument that his federal sentence should run concurrent with his state sentence. *See* 18 U.S.C. § 3584(a), (b); *United States v. Scott*, 426 F.3d 1324, 1329–30 (11th Cir. 2005). The district court had the discretion to order that James's federal sentence "run concurrently . . . or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense," United States Sentencing Guidelines Manual § 5G1.3(c) (Nov. 2013), and it reasonably determined that "there was no connection between" James's possession of a firearm and an earlier offense of aggravated assault that would warrant allowing him to serve the sentences for those offenses concurrently. *See id.* cmt. n.3(A). The explanation provided by the district court reveals that it considered James's background and history and the need for his sentence to provide just punishment for his illegal possession of a firearm, to promote respect for the law, and to deter him from committing further similar crimes. *See* 18 U.S.C. § 3553(a). And the district court sentenced James within his advisory guideline

range of 46 to 57 months of imprisonment, which we consider to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The district court did not abuse its discretion when it ordered James to serve his 51 month sentence consecutive to his state sentence of probation.

**AFFIRMED.**